IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRY J. HATFIELD,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  ) Civil Action No. 07-1063
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 9th day of June, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

⬥AO 72
(Rev. 8/82)

differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for DIB on May 18, 2005, alleging disability beginning January 1, 2003, due to back pain and pulmonary problems. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on October 31, 2006, at which plaintiff appeared represented by counsel. On February 23, 2007, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 7, 2007, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a seventh grade education. Plaintiff has past relevant work experience as a spray painter and as a paint shop hardcoater, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of lumbar disc disease and chronic obstructive pulmonary disease/asthma, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with a number of other limitations. Plaintiff requires work that does not involve exposure to pulmonary irritants. In addition, he cannot use foot controls, and he cannot engage in climbing, balancing, crawling or kneeling. Finally, he cannot bend repeatedly at the waist to ninety degrees (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a surveillance system monitor, ticket sales person or telephone solicitor. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in

significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he gave inadequate weight to the opinion of plaintiff's treating physician; and (2) he did not properly evaluate plaintiff's credibility concerning his subjective complaints. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ gave inadequate weight to the opinion of Dr. Joyce Eckard, who was his primary care physician. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Eckard's opinion was not entitled to controlling weight.

Plaintiff asserts that the ALJ should have given significant

weight to Dr. Eckard's opinion set forth in an October 30, 2006, letter in which she stated that he is unable to work due to his back pain and his pulmonary disease, as well as her assessment stated in a document entitled "Evaluation of Physical Limitations" dated November 9, 2006, in which Dr. Eckard provided a list of physical restrictions for plaintiff due to his lung and orthopedic problems. (R. 195, 232). After reviewing the record, the court finds that plaintiff's argument lacks merit.

First, Dr. Eckard's opinion that plaintiff is unable to work is inconsistent with other medical evidence in the record. Neither Dr. Abla, plaintiff's treating neurosurgeon, nor Dr. Mundruczo, his treating pulmonologist, concluded that plaintiff was precluded from working due to his back problems or pulmonary problems. Further, Dr. Eckard's own progress notes and records do not substantiate her conclusory opinion that plaintiff is so severely restricted that he is unable to work. (R. 125-38, 187-94, 196-231). Similarly, Dr. Eckard's progress notes and records do not justify the list of physical restrictions she identified because of plaintiff's back and pulmonary problems, nor are those restrictions supported by the medical records of Drs. Abla or Mundruczo. For these reasons, the ALJ properly determined that Dr. Eckard's assessment of plaintiff's physical restrictions and her opinion that he is unable to work were entitled to little weight. (R. 27).

Plaintiff next claims that the ALJ erred in evaluating his credibility concerning his subjective complaints. A claimant's

complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); <u>Hartranft v. Apfel</u>, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ thoroughly analyzed plaintiff's subjective complaints, and he explained why he found plaintiff's testimony not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's treatment history and his ongoing lack of compliance with his doctors' repeated instructions to stop smoking, plaintiff's own statements about his symptoms and reports by his physicians about his symptoms and how they affect him. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding his limitations was not entirely credible. (R. 29). This court finds that the ALJ adequately explained the basis for his credibility determination (R. 28-30),

and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Terry K. Wheeler, Esq.
56 Clinton Street
Greenville, PA 16125

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219